BOARD OF COUNCILMEN OF UNIONTOWN v. B. C. DAVID, ET AL.

**Dedication of Real Estate to Public Uses—Acceptance.**
    Where a plat is filed purporting to dedicate a town lot to the public use, but before it is accepted by the public, the donor has withdrawn his proposal, the town fails to secure any title thereto.

APPEAL FROM UNION CIRCUIT COURT.

October 28, 1874.

OPINION BY JUDGE LINDSAY:

It may be assumed that the plat of 1848 was made matter of record upon motion of E. K. James, and that this was done with

the assent of Mrs. David, who was beneficially interested in the realty laid off into town lots. It may further be assumed as an established fact, that David sold lots of this plat, and that purchases were made by persons having knowledge of the fact that the square now in controversy was known and designated as "The Public Square." If said public square was in the nature of a street or pass-way, or of a wharf, or of a common in which all the citizens of the town would have the right of actual use, and in which their interests would be in the nature of incorporeal hereditament, it would follow that by the publication of the plat and the sale of lots under it, David would have pledged to each purchaser a vested right in and to the dedication so proposed to be made; and for the protection of the persons so purchasing, an acceptance of the proffered dedication by the municipality would be implied.

It is evident, however, that no one understood that the lot was to be sold for either of the purposes indicated, or, indeed, for any kindred purpose. If it had been formally accepted by the town it would necessarily have been devoted to some general public use, such as that of a park or pleasure ground, or as the site of town buildings or for some use in which all the people were interested. It is evident, therefore, that those who purchased lots from David or James have no peculiar interest in the alleged dedication, and that they hold no rights of property therein not common to every one else residing in the town.

It is necessary, therefore, in order to make out title in the municipality, to show an acceptance by it of the proffered dedication. There is no proof tending to show an acceptance prior to about 1859 or 1860. Long before that time (in 1855), David had clearly manifested his withdrawal of the proposal to dedicate the lot to the town. He did this by publishing the lithographic map, upon which this square was subdivided into building lots. It is true he declined to sell off these lots, but appellant shows by her own witness that he so refused because he expected ultimately to dedicate the lot to the use of the county of Union, in case the county seat should be removed to Uniontown. Upon the whole case, we are of opinion that there is no sufficient evidence of an acceptance by the town of the proffered dedication prior to 1855, when the proposal was withdrawn. But if this was a matter of doubt, we would nevertheless affirm the judgment. The petition does not aver possession in the town, and the proof shows beyond peradventure that appellees held actual adverse possession of the lot when this suit was instituted.

The prayer is that appellees shall have the title of the town quieted, and that appellees be compelled to convey. If the dedication was complete, a conveyance is unnecessary. To maintain a suit in equity to have title to real estate quieted, it is necessary to aver and to prove that the complainant holds the legal title to, and is in the actual possession of such realty. In this case, the complainant in effect admits it does not hold the legal title. It does not claim to be in possession, and by its own witnesses shows beyond all doubt that the possession is in the parties sued.

The judgment dismissing the petition must be *affirmed*.

*Vance & Merritt, for appellant.*
*D. H. Hughes, A. J. James, for appellees.*